

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instructions
Austin, Texas

Dear Sir:

Opinion No. 0-1676
Re: May independent school
districts spend local tax
moneys for the purpose of
conducting classes for adults
over twenty-one years of age?

We are in receipt of your letter of November 13,
1939, in which you request an opinion of this Department on
the question stated in your letter as follows:

"Under existing State statutes, may
local independent school districts, con-
ducting school for a minimum of nine months
per school year, spend local tax monies for
the purpose of conducting classes for adults
over twenty-one years of age? Such funds in
many cases are used to match State and Fed-
eral monies, appropriated for Vocational Ed-
ucation."

Article 7, Section 1 of the Constitution of Texas
reads as follows:

"A general diffusion of knowledge being
essential to the preservation of the liberties
and rights of the people, it shall be the
duty of the Legislature of the State to estab-
lish and make suitable provision for the sup-
port and maintenance of an efficient system
of public free schools."

In accordance with the constitutional mandate that a
system of public free schools be established, the Legislature
has authorized the creation of independent school districts.
The local taxes, or maintenance taxes, voted by said districts

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, Page 2

are authorized by Article 2790 of the Revised Civil Statutes of 1925, which reads, in part, as follows:

"If an independent school district votes a maintenance tax, the board of trustees shall thereafter annually levy and cause to be assessed and collected upon the taxable property in the limits of the district for the maintenance of the public free schools of the said district such ad valorem tax as the qualified voters of such district authorized at the election held for that purpose; * * *"

In the case of Adams v. Miles, et al, 35 S. W. (2d) 123 (Com. App. Tex.) stated:

"A school district is a quasi corporation of a public nature, and the trustees of said district cannot lawfully expend money belonging thereto except for the purposes authorized by statute."

The authorized expenditure of public school funds is provided for in Article 2827 of the Revised Civil Statutes of Texas, which reads as follows:

"The public free school funds shall not be expended except for the following purposes:

"1. The State and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money borrowed on short time to pay salaries of teachers and superintendents, when these salaries become due before the school funds for the current year become available; provided that no loans for the purpose of payment of teachers shall be paid out of funds other than those for the then current year.

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local

sources may be used for the purposes
enumerated for State and county funds
and for purchasing appliances and sup-
plies, for the payment of insurance
premiums, janitors and other employes,
for buying school sites, buying, build-
ing and repairing and renting school
houses, and for other purposes necessary
in the conduct of the public schools to
be determined by the Board of Trustees,
the accounts and vouchers for county
districts to be approved by the county
superintendent; provided, that when the
State available school fund in any city
or district is sufficient to maintain
the schools thereof in any year for at
least eight months, and leave a surplus,
such surplus may be expended for the
purposes mentioned herein."

The question in this case resolves itself to the prop-
osition of whether or not the conducting of classes for adults
is a part of a public free school system. The scholastic age
of students who are to receive the benefits of our public free
school system is set out by Article 2902 of the Revised Civil
Statutes of 1925, which reads as follows:

"All children, without regard to
color, over six years of age and under
eighteen years of age at the beginning
of any scholastic year, shall be included
in the scholastic census and shall be
entitled to the benefit of the public
school fund for the year. The board of
trustees of any city or town or indepen-
dent or common school district shall
admit to the benefits of the public
schools any person over six and not over
twenty-one years old at the beginning
of the scholastic year, if such person
or his parents or legal guardian reside
within said city, town or district."

It is the opinion of this Department that the holding
of classes for adults is not such a function of the public free
school system of this State as to authorize expenditure of local
maintenance public school funds for said purpose. As stated by

Honorable L. A. Woods, Page 4

the Supreme Court of Alabama in the case of State Tax Commission v. County Board of Education of Jefferson County, 179 Southern 197,

> "Operation of adult schools is wholly statutory and not within the system of public schools defined in Section 260 of the Constitution."

By way of analogy, our Constitution and Statutes, in setting up the public free school system and allowing the collection of a local maintenance tax for said public free schools, contemplate that the benefits of said public free school system should inure to students of public school age as defined by the Legislature in Article 2902, supra.

In this connection your attention is called to Article 2904 of the Revised Civil Statutes, which reads as follows:

> "The trustees of schools shall have the power to admit pupils over and under scholastic age, either in or out of the district, on such terms as they may deem proper and just; provided, that in admitting pupils over and under the scholastic age, the school shall not be overcrowded to the neglect and injury of pupils within the scholastic age. They may suspend from the privileges of schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school."

It is the opinion of this Department that the above quoted Article looks to the allowing of pupils over and under scholastic age on such terms as the trustees of the school may deem proper to classes regularly conducted for pupils of scholastic age as a part of the public free school system. Nowhere does this Article authorize the trustees to establish and maintain classes for persons over twenty-one years of age. Certainly it does not give the trustees authority to spend money from the local maintenance fund for the establishment of such adult classes.

While it cannot be denied that the establishment of adult classes is a worthwhile project, this Department fails to

Honorable L. A. Woods, Page 5

find any authority for the expenditure thereon of local main-
tenance funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  _Billy Goldberg_
Billy Goldberg
Assistant

BG:RS

APPROVED DEC 9, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

